J-S82004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMAR DAVIS, | |
| Appellant | No. 1647 WDA 2016 |

Appeal from the PCRA Order Entered October 4, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001553-2014

BEFORE:  BENDER, P.J.E., STEVENS, P.J.E.[*], and STRASSBURGER, J.[**]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 22, 2018**

Appellant, Jamar Davis, appeals *pro se* from the post-conviction court's October 4, 2016 order dismissing his first, timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural history of this case, as follows:

> On June 11, 2014, a criminal complaint was filed against [Appellant] for incidents allegedly taking place on June 10, 2014. The District Attorney subsequently fled a Bill of Information charging [Appellant] with the following counts: (1) Robbery (F-1); (2) Repairing/Selling/Altering an Offensive Weapon (M-1); (3) Criminal Trespass (F-3); (4) Possession of an Instrument of Crime (M-1); (5) Receiving Stolen Property (M-1); (6) Theft by

_____

[*] Former Justice specially assigned to the Superior Court.

[**] Retired Senior Judge assigned to the Superior Court.

Unlawful Taking (M-1); (7) Simple Assault (M-2); and (8) Harassment (S).

[Appellant] filed a Motion to Suppress on December 5, 2014 and an amended Motion to Suppress on March 3, 2015. The trial court held a hearing on the matter on March 3, 2015 and denied [Appellant's] motion on March 9, 2015. On May 20, 2015, the trial court accepted [Appellant's] open plea of guilty to Count 1, Robbery (F-1), and to Count 9, an amended charge of Conspiracy to Commit Robbery (F-1). A presentence investigation report was prepared by the Washington County Probation Office and the trial reconvened on August 25, 2015[,] for formal sentencing. At that time, the trial court sentenced [Appellant] to 5 to 10 years of incarceration on the charge of Robbery and to 5 years of probation on the count of Conspiracy to Commit Robbery to run consecutively to the Robbery sentence.

[Appellant] did not file any post-sentence motions, nor did he file an appeal to the Superior Court. On March 11, 2016, [Appellant] filed a timely *pro se* PCRA petition. The trial court appointed Stephen Paul, Esquire, as PCRA counsel for [Appellant] on December 16, 2015. After reviewing [Appellant's] PCRA petition and the record, appointed counsel filed a **Turner/Finley**[1] letter on September 2, 2016[,] stating that [Appellant's] petition was meritless. Further, counsel requested that the [PCRA] court permit him to withdraw from representing [Appellant]. Following the trial court's review of the no-merit letter and the record on that same date, the court issued an order granting counsel's request to withdraw. In addition, the court issued an order notifying [Appellant] of counsel's withdrawal and of its intention to dismiss the PCRA petition. [Appellant] was permitted to file a response within 30 days to demonstrate why the PCRA petition should not be dismissed; no response was filed by [Appellant]. On October 4, 2016, the [PCRA] court issued an order dismissing [Appellant's] petition….

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[Appellant] filed a timely Notice of Appeal to the Superior Court on October 31, 2016.

PCRA Court Opinion (PCO), 11/30/16, at 1-3 (citations to the record omitted).

The court did not issue an order directing Appellant to comply with Pa.R.A.P. 1925(b), but the court did file a Rule 1925(a) opinion on November 30, 2016. Therein, the court addressed the one issue Appellant presented in his *pro se* PCRA petition, which was a claim "that he was sentenced to a period of time greater than the lawful maximum" because his prior record score was incorrectly calculated. PCO at 3. The PCRA court concluded that this claim was meritless, as Appellant's prior record score was, indeed, a two (2) based on an out-of-state conviction that Appellant had on his record. The court also addressed two claims discussed by PCRA counsel; specifically, whether Appellant's plea counsel ineffectively represented him at the sentencing hearing, and whether Appellant's guilty plea was knowing, intelligent, and voluntary. **See id.** at 3-5. The PCRA court also concluded that these claims were meritless.

Now, on appeal, Appellant avers that his plea counsel was ineffective for not arguing that Appellant "was receiving a greater sentence for the same exact crime" as his co-defendant had committed, and for which she had received a lesser sentence of 2½ to 5 years' incarceration. Appellant's Brief at 11. In other words, Appellant contends that he and his co-defendant

should have received identical sentences, and his attorney acted ineffectively by not arguing this point at Appellant's sentencing proceeding.

Initially, our review of the certified record reveals that Appellant did not raise this specific argument before the PCRA court. While Appellant did mention in his *pro se* petition that his co-defendant had received a lesser sentence than he did, he claimed that it was because his prior record score was incorrectly calculated as a two, rather than a zero like his co-defendant. The PCRA court rejected this argument, finding that Appellant's prior record score was properly calculated as a two because Appellant,

> had been previously convicted in the State of North Carolina for Robbery with a Dangerous Weapon and sentenced to 48 to 67 months. Under Pennsylvania criminal law, this charge equates to Robbery (F-1), 18 Pa.C.S.[] § 3701(a)(ii). According to [204] Pa. Code § 303.8(f)(1), out of state convictions are to be considered by the sentencing court and scored as equivalent Pennsylvania offenses. Therefore, the prior record score of 2 is correct and the [c]ourt finds that [Appellant] is not entitled to any relief on this claim.

PCO at 3.

Herein, Appellant does not challenge the PCRA court's decision that a prior record score of two was properly applied in his case. Instead, he attempts to reframe his argument as a claim that his plea counsel acted ineffectively by not arguing that his sentence should be the same as his co-defendant's *because the two committed the same crimes*. This assertion

was not raised in Appellant's *pro se* petition.[2]  Accordingly, Appellant has waived this claim for our review.

In any event, we would deem meritless Appellant's challenge to plea counsel's representation on this basis.  Appellant asserted in his *pro se* petition that his co-defendant had a prior record score of zero; given that he had a prior record score of two, his claim that they should have both received the same sentence lacks arguable merit.  Additionally, considering Appellant's prior robbery conviction in North Carolina, it was reasonable that his plea counsel did not argue that Appellant should receive the same sentence as his co-defendant, who apparently had no significant criminal history.  Accordingly, even had Appellant preserved this claim for our review, we would conclude it is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2018

---

[2] We also point out that Appellant did not file any response to the PCRA court's Rule 907 notice, or counsel's **Turner/Finley** 'no-merit' letter, raising this claim or arguing that his PCRA counsel should have asserted it in an amended petition.